889 P.2d 1099

VOLCO, INC., an Idaho Corporation; and Development Enterprises Ltd., a Limited Partnership consisting of Pipeco, Inc., an Idaho Corporation as the General Partner, Plaintiffs–Counter-defendants–Appellants,

v.

Ray LICKLEY and Jane Doe Lickley, husband and wife, Defendants–Counter-claimants–Respondents,

and

Jerome Highway District, Defendant–Respondent.

No. 20678.

Supreme Court of Idaho,
Twin Falls Term, November 1994.

Feb. 6, 1995.

Hollifield, Tolman & Bevan, Twin Falls, for appellants. William R. Hollifield argued.

Rosholt, Robertson & Tucker, Chtd., Twin Falls, for respondents. Norman M. Semanko argued.

McDEVITT, Chief Justice.

## I. BACKGROUND AND PRIOR PROCEEDINGS

In 1992, Volco Inc. and Development Enterprises Ltd. (collectively referred to as Volco) filed an action for declaratory and injunctive relief against Ray and Jane Doe Lickley (the Lickleys) and the Jerome Highway District. The basis of the action was Volco's claim that the Lickleys had taken steps in furtherance of their unlawful intention to use a utility easement through a subdivision owned by Volco for ingress and egress to an adjacent property owned by the Lickleys.

The subdivision owned by Volco is known as Unit Three of the Big Little Ranches. The original plat of the subdivision recorded in 1978 is attached hereto as Appendix A. The adjacent property to the east is owned by the Lickleys who are subdividing it as "Sawtooth Acres." Both subdivisions are lo-

cated in Jerome, Idaho. In 1989, the Lickleys constructed the dirt road extending "Mountain View East" through the disputed parcel between lots 9 and 10 in Unit Three of the Big Little Ranches to Sawtooth Acres. In 1990, they paved it. In 1992, the Jerome County Highway District chip sealed it.[1]

The Lickleys filed a counterclaim for declaratory and injunctive relief to establish that the segments of land[2] in question were roadway easements permanently dedicated to public use, as well as a cross-claim against the Jerome Highway District seeking essentially the same relief.

The district court granted summary judgment in favor of the Lickleys and the Jerome Highway District.[3] The district court held that the segments of land in Unit Three of the Big Little Ranches were dedicated public roadway easements. The district court reached that conclusion based on the markings and legend of the plat for Unit Three of the Big Little Ranches and the mandatory provisions for through streets to undivided land contained in the Jerome County Subdivision Ordinance in effect at the time that the previous owner filed the plat. The district court also pointed out that a contrary ruling would render Lot 24 inaccessible in contravention of Jerome County's Zoning Ordinance.[4]

On appeal, Volco argues: (1) that the district court ignored the markings of the plat clearly indicating that the segments of land in question were not easements dedicated to public use; (2) that the Jerome County Board of Commissioners waived the requirement for through streets when the former owner originally filed the plat; and (3) that the Lickleys failed to name an indispensable party, Jerome County, in their counterclaim.

## II. ANALYSIS

### A. Standard Of Review

Both the Lickleys and Volco moved for summary judgment on the same issues and with opposing views of the same theories; both parties alleged that there were not any material facts in dispute.

On a motion for summary judgment, we review "the pleadings, depositions, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Tolmie Farms, Inc. v. J.R. Simplot Co., Inc.,* [124 Idaho 607, 862 P.2d 299 (1993)]. Normally, the party opposing summary judgment is to be given favorable inferences from the underlying facts. *Wells v. Williamson,* 118 Idaho 37, 40, 794 P.2d 626, 629 (1990). Where, however, the parties moved for summary judgment based on the same evidentiary facts and on the same theories and issues, the parties effectively stipulate that there is no genuine issue of material fact, and summary judgment is appropriate. *Id.,* 118 Idaho at 40, 794 P.2d at 629 (quoting *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 518 n. 1, 650 P.2d 657, 660 n. 1 (1982)).

1. Although Volco's complaint identified the chip sealed segment as the extension of South View Road between lots 23 and 24/25, Volco's cross-motion for summary judgment was supported by an affidavit identifying the chip sealed segment as the extension of Mountain View East between lots 9 and 10; this latter allegation is consistent with the Lickleys' answer.

2. The Lickleys' counterclaim sought only a declaration and injunction with respect to the already-paved segment extending Mountain View East to Sawtooth Acres. The district court recognized that because two other segments were marked identically on the plat (extensions of Ranch View East and South View Road), any ruling would similarly impact all three. Accordingly, the district court correctly granted relief speaking in the plural.

3. On December 16, 1993, the Jerome Highway District wrote to the Clerk of this Court indicating that the Highway District would not be participating in the briefing or oral argument of this case. The Highway District did, however, request that it be left in the title and opinion of the case. On December 29, 1993, the Clerk of the Supreme Court entered an order removing the Highway District from further participation in the appeal.

4. Section 24.43 of the Jerome County Zoning Ordinance defines a "lot" as follows: "[a] parcel of land occupied or to be occupied by a building or group of buildings ... having its principal frontage on a public right of way."

*Morrissey v. Haley*, 124 Idaho 870, 872, 865 P.2d 961, 963 (1993).

### B. The District Court Correctly Ruled That The Segments Of Land In Question Were Dedicated As Public Roadway Easements.

#### B(1). Facts

We begin our analysis of this case with a review of the plat for Unit Three of the Big Little Ranches. The segments of land at issue are the fifty-foot wide strips at the eastern edge of Mountain View East (between lots 9 and 10), Ranch View East (between lots 16 and 17), and South View Road (between lots 23 and 24/25). The sides of these strips of land are denominated with a "double-dashed" line (— — — —). According to the legend on the plat, double-dashed lines signify a "roadway easement." Also separately identified on the plat are utility easements running "10' Along Public Roadways" and "5' Along All Other Lot Lines."

In describing the respective dedications and conveyances intended by recording the plat, the "Certificate of Owners" states as follows:

That it is the intention of the undersigned to, and they do hereby include said land in the plat. The easements indicated on this plat are not dedicated to the public but the rights to use said easements are hereby perpetually reserved for public utilities and no structures other than for such utility purposes are to be erected within the lines of said easements.

That it is the intention of the undersigned to and they do hereby include said land in this plat; that the undersigned do by these presents grant, bargain, sell, convey, confirm and dedicate to the public, for public use forever, all streets and thoroughfares as shown on this plat.

At the time that the plat for Unit Three of the Big Little Ranches was recorded, the Jerome County Code provided as follows:

### ARTICLE III.

#### SUBDIVISION DESIGN STANDARDS

Section 1. *Minimum Standard Requirements to be Met.* All plats submitted for approval in accordance with this ordinance shall fully meet the minimum standards provided for herein. However, higher standards imposed by any highway district or health district shall prevail if in conflict with the standards set forth herein.

Section 2. *Streets and Roads.*

A) Roads and Streets appearing on any plat submitted for approval shall be dedicated to the public in writing on said plat. Private streets and roads shall be prohibited.

B) All streets and roads shall conform to any county-adopted street plan.

C) Streets and roads shall be arranged to conform to the topography, thereby promoting usable residential lots, reasonable gradiance and safe vehicular and pedestrian traffic.

. . . .

E) **Streets and roads shall provide for continuation of existing and adjacent streets unless this requirement is waived by the Board. If adjoining areas are not subdivided, streets contained in the subdivision shall extend to tract boundary lines to facilitate future extensions.**

F) Street and road right-of-way widths shall conform to the following standards:

1) major arterial, 120 feet

2) minor arterial, 80 feet

3) collector streets, 60 feet

4) **local streets, 50 feet**

R.Vol. 2 at 35 (emphasis in bold added).

The minutes of the Jerome County Planning and Zoning Commission from the meeting in which the plat for the Big Little Ranches was originally reviewed provide as follows:

Gerald Martens explained the new roadway easement they had made in Units 3 & 4 of Big Little Ranches Subdivision. In order not to extend the roads to the east end of the subdivision in Unit 3, they made three 50' roadway easements that could be developed at a later date. They made one 50' easement in Unit 4. Dick Critser

moved to accept these modifications in Unit 3, it was seconded by Linda Montgomery and passed. Linda Montgomery made a motion to accept the change in Unit 4 and it was seconded by Dr. McClure and passed.

### B(2). Legal Issues

We now turn to Volco's arguments on appeal. Volco maintains that the segments of land at issue are utility easements, or alternatively that when the plat was recorded the interests transferred were only "potential roadway easements." According to Volco, these were either easements limited exclusively for use by utilities or by Jerome County for their purposes and potentially subject to expansion as public right of ways only upon further negotiation with the owner of Unit Three of the Big Little Ranches. It is clear from the legends on the plat and the Certificate of Owners that the disputed fifty-foot wide parcels are not "utility easements" because utility easements are only either five or ten feet wide. Alternatively, to support its "potential roadway easement" theory, Volco argues that as a matter of statute the segments at issue could not be dedicated public roadways.

■ On the basis of I.C. § 50–1312, Volco suggests that only a conveyance of fee simple title can create a public roadway and that because the easements in this case were not fee simple interests, they were insufficient. That section provides as follows:

> **50–1312. Effect of acknowledging and recording plat.**—The acknowledgment and recording of such plat *is equivalent to a deed in fee simple* of such portion of the premises platted as is on such plan set apart for public streets or other public use, or as is thereon dedicated to charitable, religious or educational purposes; provided, however, that in a county where a highway district exists and is in operation no such plat shall be accepted for recording by the county recorder unless the acceptance of said plat by the commissioners of the highway district is endorsed thereon in writing.

I.C. § 50–1312 (emphasis added). The language of I.C. § 50–1312 makes clear that the recording of a plat denominating public streets transfers an interest "equivalent" to a fee simple. *See Powell v. McKelvey*, 56 Idaho 291, 303–04, 53 P.2d 626, 630 (1935) (holding under predecessor statute "that while the adjoining or abutting property owners own the fee of the land to the center of the street, the city or State, as in the case herein involved, has the complete right to the use of such land for street purposes"). Accordingly, I.C. § 50–1312 does not support Volco's position that the dedications were statutorily insufficient to create public roadway easements.

Volco next argues that the absence of street names within the borders of the segments in dispute, as well as the solid lines across the western border along "Prospector Drive," demonstrate that no public roadway easements were intended. However, this Court has previously said that "[w]e do not view the absence of a written designation in specific spaces on the plat as always foreclosing the possibility of a public dedication of the areas so represented. It has been recognized that the original owner's intent to accomplish such a dedication may be inferred from other circumstances." *Smylie v. Pearsall*, 93 Idaho 188, 191, 457 P.2d 427, 430 (1969). In this case, there are several "other circumstances" demonstrating the original owner's intent to dedicate the segments of land at issue for public use as roadway easements.

In addition to the "double-dashed" markings and legend of the plat defining the public "roadway easements," Mountain View East, Ranch View East, and South View Road are all named on the plat within fifty-foot wide segments that squarely line up to the segments at issue. This clearly demonstrates a continuation of regulation width streets consistent with the requirement of Article III, Section 2, E and F(4), of the Jerome County Subdivision Ordinance for fifty-foot wide through streets extending to the boundary with any unsubdivided land. Furthermore, as the district court observed, if the segments at issue were not intended as public roadway easements dedicated for public use, then Lot 24 of the Volco subdivision would be inaccessible in contravention of Sec-

tion 24.43 of the Jerome County Zoning Ordinance; there is no evidence in the record indicating that such a peculiar result was intended.

Finally, Volco also maintains that the Jerome County Board of Commissioners waived the mandatory through street requirement of Article III, Section 2, E, of the Jerome County Subdivision Ordinance. As set forth above, that section of the Jerome County Subdivision Ordinance does contain a provision authorizing the Board of County Commissioners to waive the through street requirement.[5] Volco suggests that the Jerome County Planning and Zoning Commission granted the original developer a "concession" that was binding upon the Board of Commissioners. However, the minutes of the proceedings before the Planning and Zoning Commission clearly demonstrate that rather than a waiver of the through streets requirement, the original developer was allowed to effect a present dedication without being obligated to make the improvements immediately.[6]

■ In summary, we agree with the district court that the recording of the plat constituted a dedication of public roadway easements through all three of the segments at issue which the original developer was allowed to delay improving until some later

date. Therefore, we affirm the district court's ruling granting summary judgment in favor of the Lickleys and the Jerome Highway District and holding that the three segments at issue are public roadway easements.

## C. The Lickleys Are Not Entitled To Attorney Fees On Appeal.

Although we agree with the clear reasoning of the district court, we nevertheless decline to hold that Volco's appeal was "frivolous, unreasonable or without foundation." *Central Paving Co. v. Idaho Tax Comm'n,* 126 Idaho 174, 178, 879 P.2d 1107, 1111 (1994). Accordingly, the Lickleys' request for attorney fees on appeal is denied.

## CONCLUSION

The district court's decision granting summary judgment in favor of the Lickleys is affirmed. The Lickleys' request for attorney fees on appeal is denied. Costs to the respondents.

Jerome Highway District did not participate in the appeal.

JOHNSON and SILAK, JJ., and WOODLAND and McDERMOTT, JJ. Pro Tem., concur.

---

5. Although it is somewhat unclear whether the waiver language applies only to the requirement for extending existing streets, for purposes of argument only we will assume that it also applies to the requirement that streets be extended to any un-subdivided land.

6. In a related argument, Volco takes the position that the Lickleys have failed to name an indispensable party to their counterclaim: the Jerome County Board of Commissioners. "The burden of proof in demonstrating the indispensability of a party rests on the moving party." *Jolley v. Puregro Co.,* 94 Idaho 702, 704, 496 P.2d 939,

941 (1972). The only theory Volco advances to demonstrate the indispensability of Jerome County is that the County is needed because no public dedication occurs by filing a plat unless it is accepted, *see Pugmire v. Johnson,* 102 Idaho 882, 883, 643 P.2d 832, 833 (1982), and in this case the County did not intend to accept dedicated public roadway easements. However, because it is clear from the plat that the County did in fact accept a dedication of public roadway easements, Volco has not met its burden of demonstrating that Jerome County is an indispensable party.