873 P.2d 1336

IDAHO DEPARTMENT OF LAW ENFORCEMENT, By and Through Richard L. Cade, Director, Plaintiff–Appellant,

v.

Real Property Located Within Kootenai County, Idaho, legal description as follows: Lot 12, Block 4, Indian Meadows, according to the plat recorded in the offices of the County Recorder in Book "E" of Plats, page 130, records of Kootenai County, Idaho and the Certificate of Corrected Dedication and Amendments to Indian Meadows Subdivision, recorded in Book 70 of Miscellaneous at page 364, records of Kootenai County, Idaho, Defendant,

and

Robert Pete KLUSS, Claimant–Real Party in Interest, Respondent.

IDAHO DEPARTMENT OF LAW ENFORCEMENT, By and Through Richard L. Cade, Director, Plaintiff–Appellant,

v.

Real Property Located Within Kootenai County, Idaho, legal description attached hereto as Exhibit "A", Defendant,

and

Robert Pete KLUSS, Claimant–Real Party in Interest, Respondent.

No. 20539.

Supreme Court of Idaho.

May 13, 1994.

Larry EchoHawk, Atty. Gen., Clayne S. Zollinger, Deputy Atty. Gen., argued, Boise, for appellant.

Harvey Richman, Coeur d'Alene, for respondent.

TROUT, Justice.

This appeal results from an award of attorney fees made by the district court to the respondent, Robert P. Kluss (Kluss) pursuant to I.C. § 12–117. Attorney fees were awarded after the court determined that the Department of Law Enforcement (DLE) had acted without a reasonable basis in fact or law.

## BACKGROUND

The facts from which this forfeiture action arises are essentially undisputed. On June 21, 1991, Kluss was arrested for violations of the Controlled Substances Act. The arrest was the culmination of DLE efforts, which had included service of search warrants on two pieces of real property owned by Kluss. The search revealed that Kluss was engaged in a marijuana growing operation in the basement of his home. On the same date as Kluss' arrest, the DLE filed a notice of seizure on both real properties pursuant to the drug forfeiture provisions of I.C. § 37–2744A. Thereafter, the DLE failed to file a complaint within ninety days to initiate forfeiture proceedings as required by the statute. Nevertheless, the DLE continued its investigation and on October 2, 1991, filed a second notice of seizure on both properties and then filed a complaint on October 17, 1991, initiating this forfeiture action.

Kluss moved to have the case dismissed on the basis that the district court lacked subject matter jurisdiction over the forfeiture action. The district court agreed and granted Kluss' motion, finding that it lacked jurisdiction because the DLE had failed to initiate forfeiture proceedings within ninety days of the first notice of seizure and that the second notice of seizure was not authorized by statute.

Kluss then moved for an award of attorney fees. The district court granted Kluss an award of fees pursuant to I.C. § 12–117. The district court found that counsel for the state had not acted frivolously or with a cavalier attitude, but rather that the DLE acted without a reasonable basis in law. The district court also ruled that I.C. § 12–117 could apply to an *in rem* property forfeiture proceeding even though I.C. § 12–117 refers to an action between a "person" and a state agency as an adverse party. Further, the district court emphasized that his ruling was based upon the disparity of power between the state and the individual citizen in a forfeiture action and that the state agency must act with unequivocal statutory authorization before seizing a citizen's property.

684

On appeal, the DLE challenges only the district court's award of attorney fees.[1] The DLE asserts that: 1) attorney fees are not allowed under I.C. § 37-2744A; 2) I.C. § 12-117 does not allow for an award of attorney fees against the DLE in property forfeiture actions; and, as an alternative, 3) the district court abused its discretion by awarding fees under I.C. § 12-117.

## I.

### I.C. § 37-2744A DOES NOT PROVIDE FOR AN AWARD OF ATTORNEY FEES

■ The issue of attorney fees has been addressed by this Court on numerous occasions and today we once again affirm that Idaho is an "American rule" state requiring the parties to bear their own attorney fees absent statutory authorization or contractual right. *Hellar v. Cenarrusa*, 106 Idaho 571, 578, 682 P.2d 524, 531 (1984). In that respect, the DLE is correct in asserting that I.C. § 37-2744A does not, in and of itself, provide for an award of attorney fees. Thus we must look elsewhere to determine if there is statutory authorization for an award of attorney fees against the DLE in property forfeiture actions.

## II.

### AN AWARD OF ATTORNEY FEES UNDER I.C. § 12-117 IS ALLOWABLE IN PROPERTY FORFEITURE PROCEEDINGS

In this instance, the district court awarded fees to Kluss based upon I.C. § 12-117, which provides in part as follows:

**12-117. Attorney's fees, witness fees and expenses awarded in certain instances.**—(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state

agency acted without a reasonable basis in fact or law. . . .

The DLE first asserts that attorney fees are not authorized by I.C. § 12-117 in property forfeiture actions because I.C. § 12-117 applies only to administrative proceedings. The DLE reasons that because I.C. § 12-121 provides for an award of attorney fees in "civil proceedings" it would have been duplicative for the legislature to have also provided for attorney fees in civil proceedings in I.C. § 12-117. Thus, the DLE argues, the legislature must have intended "civil judicial proceedings" to include something else, like appeals from administrative proceedings. We disagree.

The DLE's argument ignores the fact that the two attorney fee statutes are directed at two separate types of litigation, although there may admittedly be some overlap between the provisions. Section 12-121 is intended to address any civil litigation, regardless of the identity of the parties, and pursuant to our limitation set forth in I.R.C.P. 54, is directed only at parties who pursue or defend an action frivolously, maliciously or without foundation. Section 12-117, on the other hand, is directed only at state agencies and only in those situations in which the agency acts unreasonably. The words "civil judicial proceeding" found in the section are intended to clarify that an award of fees may only be considered in civil actions before a judge, not administrative actions and criminal proceedings. Since I.C. § 37-2744A specifically states that property forfeiture proceedings are "civil actions", § 12-117 clearly applies.

The DLE also asserts that a property forfeiture action under I.C. § 37-2744A is an *in rem* action in which the adverse party to the state agency is the real property in question, not a "person" as required by I.C. § 12-117; therefore, an award of attorney fees is not authorized.

■ Admittedly, a civil property forfeiture action under I.C. § 37-2744A is an *in rem*

---

1. The DLE has not appealed from the district court's ruling that I.C. § 37-2744A only allows the agency to file one notice of seizure. We, therefore, assume for the purposes of this appeal only that the district court correctly interpreted I.C. § 37-2744A in holding that the DLE acted without any statutory authority when it filed a second notice of seizure.

proceeding brought in the name of the state against the property sought to be forfeited. However, there is no question from the forfeiture provisions that the legislature contemplated it would be the property owner who would be the real party in interest. The statute specifically provides that notice of the forfeiture must be sent to any persons holding a recorded interest in the property and that the forfeiture complaint must be served on all persons having an interest in it. The statute also requires that the property be released to the owner if the owner had no knowledge or reason to believe the real property was being used for the purposes alleged by the DLE, or if it in fact was not being so used. Without question, the owner of the property being subjected to a forfeiture proceeding is so inextricably involved in the forfeiture that the property owner is such a "person" included within I.C. § 12–117. We, therefore, conclude that I.C. § 12–117 applies to drug forfeiture proceedings.

## III.

### THE DISTRICT COURT PROPERLY AWARDED ATTORNEY FEES TO KLUSS UNDER I.C. § 12–117

■ Because we hold that I.C. § 12–117 supports an award of attorney fees in a property forfeiture action, we must determine if the district court properly awarded fees in this instance. The DLE asserts that such an award was an abuse of discretion. I.C. § 12–117 is not a discretionary statute. I.C. § 12–117 provides that the court *shall* award attorney fees upon a finding that the state agency did not act with a reasonable basis in fact or law. Thus we review whether there is substantial and competent evidence to support the court's finding that the state agency acted without a reasonable basis in fact or law.

This Court has held that the policy behind I.C. § 12–117 is: "1) to serve as a deterrent to groundless or arbitrary agency action; and 2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies never should ha[ve] made." *Bogner v. State Dep't of Revenue & Taxation,* 107

Idaho 854, 859, 693 P.2d 1056, 1061 (1984). In *Moosman v. Idaho Horse Racing Comm'n,* 117 Idaho 949, 793 P.2d 181 (1990), the Court held that where a state agency had no authority to order a particular action, it acted without a reasonable basis in fact or law. 117 Idaho at 954, 793 P.2d at 186. Specifically, in *Moosman,* the Court concluded the district court should have granted an award of attorney fees under I.C. § 12–117 because the Idaho Horse Racing Commission erroneously redistributed the winner's purse after it found a violation of the racing rules by the winning horse. Such a redistribution of the purse was erroneous because it was clearly not provided as a remedy for the particular violation. The award of fees was appropriate because the state agency acted arbitrarily in the face of a clear rule that provided no authorization for the Commission's actions.

In this instance, the district court ruled that I.C. § 37–2744A only allowed the state agency to file one notice of seizure and then required that it file a complaint within ninety days of the notice. The district court found that the DLE acted outside its statutory authority by filing a second notice of seizure on the Kluss property after failing to file a complaint within ninety days of the first notice of seizure. It was the opinion of the district court, which has not been challenged on appeal, that the DLE acted without specific statutory authorization. Based on our review of the record, we conclude that there was substantial and competent evidence to support the district court's factual findings that the DLE did not act with a reasonable basis in fact or law. The award of attorney fees by the district court was proper.

## CONCLUSION

We hold that I.C. § 12–117 provides statutory authority on which to base award of attorney fees in a real property forfeiture action brought by the DLE pursuant to I.C. § 37–2744A. We also hold that there was substantial and competent evidence to support the district court's finding that the DLE acted without a reasonable basis in fact or law when it filed a second notice of seizure

against Kluss' property. The award of attorney fees by the district court is affirmed and attorney fees and costs are awarded on appeal as well.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ., concur.