904 P.2d 566

**In the Matter of the Revocation of the Certification License of RUSSET VALLEY PRODUCE, INC.**

**IDAHO POTATO COMMISSION, Plaintiff–Respondent–Appellant on Appeal–Cross Respondent,**

v.

**RUSSET VALLEY PRODUCE, INC., Defendant–Appellant–Respondent on Appeal–Cross Appellant.**

No. 20872.

Supreme Court of Idaho, Boise, December 1994 Term.

Oct. 11, 1995.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellant. Robert E. Bakes argued.

Taylor & Groom, Twin Falls, for respondent. G. Kent Taylor argued.

SILAK, Justice.

## I.

## NATURE OF THE CASE

This case began as an administrative proceeding before the Idaho Potato Commission (Commission) to revoke the license of Russet Valley Produce, Inc. to use the "Grown in Idaho" trademark on potatoes. The Commission previously entered an administrative order that only "Russet Burbank" potatoes could be packaged with a "Grown in Idaho" label, and that all other potatoes had to have the variety indicated on the package. (Research had shown that most consumers believed they were purchasing Russet Burbanks when buying "Idaho" potatoes.) Russet Valley made two shipments without properly labeling the non-Russet Burbank potatoes. Hearings occurred before the Commission, and the Commission issued an order revoking Russet Valley's license and imposing a $15,000 fine. However, the Commission's order allowed reinstatement if Russet Valley fulfilled certain conditions, including payment of the fine and the Commission's costs and attorney fees. Appeals followed.

## II.

## ISSUES

The parties have appealed numerous issues, some of which we need not discuss. The major issues addressed below are as follows:

1) Did the Commission comply with the notice requirements of I.C. § 67–5214(c)?

2) Does substantial competent evidence support the Commission's finding of a packing violation in October 1992?

3) Were Russet Valley's packing violations in November 1992 "continuing violations" under I.C. § 22–1213?

4) Did the Commission improperly assess investigatory costs and fees against Russet Valley as a condition for reinstating its license?

5) Was the district court's award of attorney fees against the Commission under I.C. § 12–117 proper?

## III.

### BACKGROUND AND PROCEEDINGS

In August 1992, the parties executed a license agreement permitting Russet Valley to use the word "Idaho," and the "Grown in Idaho" seal on potato products. The license agreement provided, among other things, that Russet Valley would comply with the current regulations adopted by the Commission, and that any violation of the regulations would be considered a violation of the license agreement, and an infringement of the trademarks.

A hearing officer for the Commission found that in the fall of 1992, most likely on October 14 or 15, a shipment of potatoes was delivered to Russet Valley's packing house. From this shipment, Russet Valley's employees packed approximately 300 boxes of Grade A "Russet Frontier" potatoes, and placed some of those boxes in a cooler for later shipment. On November 4, 1992, an employee of the Idaho Department of Agriculture was present on Russet Valley's business premises and observed potatoes being packed or repacked for shipment out of state. Those potatoes had characteristics inconsistent with Russet Burbank potatoes, and were placed in boxes not marked as to variety. They were then shipped to a retail location in Ohio. Similarly, on November 13, 1992, the hearing officer found that Russet Valley packed or repacked potatoes in boxes not labeled as to variety. Those potatoes were shipped to a wholesaler in Florida. The Commission intercepted two potato containers from the foregoing shipments through purchases in Ohio and Florida. Genetic testing confirmed that the potatoes were Russet

Frontiers and not Russet Burbanks. The Commission then initiated these proceedings.

In findings of fact and conclusions of law dated February 11, 1993, the hearing officer concluded that Russet Valley violated both the licensing agreement and the Commission's regulations by packing and then shipping unlabeled Russet Frontier potatoes to Ohio on or about November 3, 1992, and to Florida on or about November 13, 1992.

In its "Order Following Findings of Fact and Conclusions of Law Entered By Hearing Officer," dated February 18, 1993 (hereafter "February 18th order"), the Commission adopted the hearing officer's findings of fact and conclusions of law, but also entered additional findings and conclusions. In the February 18th order, the Commission concluded, among other things, that Russet Valley committed one initial violation by packing Russet Frontiers in unlabeled containers on October 14 or 15, 1992. The Commission also concluded Russet Valley committed two "continuing" violations. The first continuing violation was for packing or repacking and shipping to Ohio unlabeled Russet Frontier potatoes on November 3, 1992, with that violation continuing until at least November 13, 1992. The second continuing violation was for packing or repacking Russet Frontiers on November 13, 1992, and shipping them to Florida, with that violation continuing until at least November 28, 1992. The February 18th order concluded that Russet Valley may be assessed a civil penalty of $1,000 per violation and $1,000 for each day of a continuing violation, pursuant to I.C. § 22–1213. The order revoked Russet Valley's license, but allowed it to be reinstated under certain conditions, including payment of a $15,000 civil penalty, and reimbursement to the Commission of $13,156.68 for the Commission's administrative costs and attorney fees. The order provided that if any further violations occurred, the license could be revoked immediately, without notice. The order recited that Russet Valley waived its right to notice and hearing. The order further provided that it was applicable to Russet Valley Produce, Inc., to its principal stockholders Ken and Jennifer Mulberry individually, and to any other related business entity that Russet

Valley or its principal stockholders might own.

Russet Valley appealed to the district court. The district court entered a memorandum decision on July 15, 1993 affirming the hearing officer's findings of fact and conclusions of law, but vacating the Commission's February 18th order, and remanding to the Commission for a new hearing on the proper sanctions to be imposed. The district court found there were no "continuing violations," but rather two independent violations when the two shipments were made. The court further found that the Commission did not have authority to assess costs of the inspection and attorney fees at the administrative level against Russet Valley, and awarded Russet Valley part of its costs and attorney fees ($4,943.80) in the appeal to the district court. The Commission appealed, and Russet Valley cross-appealed.

## IV.

### STANDARD OF REVIEW

■ This Court reviews an agency's decision independently of the district court's appellate decision. *Boise Group Homes v. Dept. of Health,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). The reviewing court will uphold an agency's findings of fact if supported by substantial and competent evidence, and it may not substitute its judgment for that of the administrative hearing officer on questions of fact. *Id.* (citing *Van Orden v. State, Dep't of Health & Welfare,* 102 Idaho 663, 667, 637 P.2d 1159, 1163 (1981)). We exercise free review over the agency's conclusions of law. *E.g., O'Loughlin v. Circle A. Constr.,* 112 Idaho 1048, 1051, 739 P.2d 347, 350 (1987). The reviewing court may reverse the agency's decision or remand for further proceedings only if substantial rights

of the appellant have been prejudiced under the circumstances set forth in I.C. § 67–5215(g).[1] *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

## V.

### ANALYSIS

#### A. NOTICE OF LICENSE REVOCATION PROCEEDINGS, I.C. § 67–5214(c)

■ The first matter for consideration is a procedural issue raised by Russet Valley on cross-appeal. Russet Valley contends it has been denied procedural due process and that the proceedings initiated against it are void. Russet Valley claims the Commission failed to give notice and an opportunity to correct any problems and come into compliance, pursuant to I.C. § 67–5214(c), before instituting the proceeding to revoke the license. Section 67–5214(c) provided[2] in part:

No revocation, suspension, annulment, or withdrawal of any license is lawful *unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.* If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

(emphasis added). Russet Valley's first written notice was on December 11, 1992, when it was served via telecopy with a notice of

---

**1.** I.C. § 67–5215(g): ... The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;
(2) in excess of the statutory authority of the agency;
(3) made upon unlawful procedure;

(4) affected by other error of law;
(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

**2.** I.C. § 67–5214 was amended and redesignated as I.C. § 67–5254 by 1992 Idaho Sess.Laws 263.

hearing and the Commission's petition to revoke Russet Valley's license.

In the February 18th order, the Commission rejected Russet Valley's due process argument stating that after Russet Valley raised this argument, the Chairman of the Commission agreed to reschedule the initial hearing in this matter from January 11, 1993 to January 29, 1993, to afford Russet Valley an opportunity for an informal meeting to show compliance with the terms of its license. Such a meeting was held and Russet Valley was unable to show it had fully complied with its license agreement. Thus, the Commission contends, it provided Russet Valley with the notice and opportunity to demonstrate compliance specified in I.C. § 67–5214(c), or at least, the Commission substantially complied. We agree.

The Commission's factual finding that the original contested hearing was continued, and that an informal hearing was held is supported by the record. Moreover, Russet Valley has not asserted any prejudice due to the procedure here. In November 1992, Russet Valley committed acts which according to the Commission justified revocation. We do not believe that later compliance would automatically relieve Russet Valley of the consequences of the November violations. Even if Russet Valley could demonstrate compliance after it received notice of the November violations, the Commission would not be required to excuse or ignore the November violations. Russet Valley received notice and an opportunity to be heard through the informal meeting and the later license revocation proceedings. Under the circumstances, we believe the Commission substantially complied with statutory notice requirements, and accordingly, find no violations of procedural due process.

Having so held, we also reject a related contention of Russet Valley on cross-appeal. Russet Valley claims the district court erred in not awarding Russet Valley its costs and fees at the administrative level. Russet Valley argues that if the Commission had complied with I.C. § 67–5214(c), and had allowed Russet Valley to show compliance prior to the commencement of these proceedings, these proceedings would have been unneces-

sary, and therefore, they are groundless. Because we conclude that the Commission substantially complied with I.C. § 67–5214(c), and because we affirm the packing violations as found by the hearing officer, we hold that the district court correctly declined to award Russet Valley its costs and fees at the administrative level.

**B. PACKING VIOLATION IN OCTOBER 1992**

■ The Commission's February 18th order concluded that Russet Valley committed one initial violation by packing Russet Frontiers in unlabeled containers on October 14 or 15, 1992. The Commission contends this factual finding is supported by the record. We disagree.

We have reviewed the citations to the record in the Commission's appellate briefs, and those references do not establish a packing violation in October. The hearing officer made no such finding, but stated rather equivocally in paragraph 6 of his findings of fact and conclusions of law:

> In the fall of 1992, Respondent packed Russet Frontier potatoes. These potatoes were *most likely* packed on October 14 or 15 when 600 100–wt. of potatoes were delivered to Respondent's packing house, and from this approximately 300 boxes of Grade A Russet Frontier potatoes were packed.... These potatoes were not all shipped on October 14 or 15, but *likely* were placed in a cooler for later shipment. Before being shipped, the potatoes taken from the cooler were *likely* re-examined for grade only. They *may* also have been re-packed.

(emphasis added). As the district court stated, "[n]o finding was made on whether or not any shipments of potatoes in mid-October were properly labeled." We hold that substantial competent evidence does not support the finding of a packing violation on October 14 or 15, 1992, and thus, we reverse this portion of the February 18th order.

Having so held, we need not reach several related issues the Commission raised on appeal: (a) whether an administrative agency may supplement factual findings and legal

conclusions made by a hearing officer and enter additional factual findings and conclusions of law; (b) whether a packing violation is significant only when the goods are released into commerce; and (c) whether the Commission's legal conclusion that infringement of a trademark license agreement should be governed by principles of trademark law is erroneous.

## C. CONTINUING VIOLATIONS

■ The Commission's February 18th order declares that Russet Valley committed two continuing violations; one on November 3 or 4, 1992, which continued until at least November 13, 1992, and another on November 13, which continued until at least November 28, 1992. The relevant statute is I.C. § 22–1213, which during the Fall of 1992 provided[3] in pertinent part:

> Any person who shall violate or aid in the violation of any of the provisions of this chapter, any rules and regulations promulgated pursuant thereto, or the terms of any licensing agreement may be assessed a civil penalty by the commission or its duly authorized agent of not more than one thousand dollars ($1,000) for each offense and *a civil penalty of not more than one thousand dollars ($1,000) for each day of continuing violation of such statute or rule or regulation or licensing agreement.* No civil penalty may be assessed unless the person charged was given notice and opportunity for a hearing....

(emphasis added), *see* Idaho Sess.Laws 216 (changes indicated were approved March 26, 1993). The words "continuing violation" were nowhere defined in the statute. Two possible interpretations have been asserted for the packing violations here. The Commission contends the violations continued from the time the potatoes were improperly labeled and packed until the representative samples were purchased in Ohio and Florida. Russet Valley contends, and the district court agreed below, that the violations occurred at the time of packing, and did not

"continue" while the potatoes were in transit. We believe this is the correct interpretation of the statute under these circumstances.

First, the hearing officer found only two violations of the regulation and license agreement; one on or about November 3, and another on or about November 13, 1992. The hearing officer made no finding of other violations, and made no finding that those violations "continued" beyond the specific dates enumerated. Secondly, we find nothing in the former statute to suggest the legislature intended for isolated packing or shipping violations to be construed "continuing violations" after a mislabeled box is stored or released into commerce. We doubt that the legislature meant to expose violators to arbitrary and potentially severe liability depending on how long the potatoes travel through commerce. For example, one inadvertently mislabeled box of potatoes could be sold to a consumer the day after being packed resulting in a $1,000–2,000 fine. However, if the same box was sold to a wholesaler who happened to store the potatoes for several weeks before selling to a retailer, who then sold to consumers, the fine could be in the tens of thousands.

Instead, the more reasonable interpretation of "continuing violation," and the interpretation which provides packers with fairer notice of potential liabilities for violations, is to focus on the duration of the offending conduct within the packers' control. For instance, when a packer mislabels a box of potatoes, a single packing violation has occurred. In contrast, a packer who mislabels shipments of potatoes while packing over a two-week period has committed a "continuing" packing violation during that two-week period. Here, the hearing officer found just two violations on the specified dates. His findings will support only two violations. Although we usually give great weight to the interpretation of an administrative agency, we find here cogent reasons for holding otherwise. *See Kopp v. State,* 100 Idaho 160, 163, 595 P.2d 309, 312 (1979). The Commission's interpretation of the former statute,

---

**3.** In the 1994 legislative session, I.C. § 22–1213 was amended by adding a section (2), which provides: "For purposes of this section, each container of potatoes in violation of this chapter, rules or any licensing agreement, shall constitute a separate violation for each day the container is in violation thereof."

and its order holding Russet Valley liable for two "continuing" violations, was arbitrary and erroneous as a matter of law. Accordingly, we reverse that portion of the February 18th order which determined that Russet Valley committed two continuing violations, and vacate the $15,000 civil penalty against Russet Valley.

Having thus held, we deem it unnecessary and decline to address other related issues raised by the Commission on appeal, namely: (a) whether the district court erred by applying a criminal law standard of "continuing violation" in this civil proceeding; (b) whether the district court's determination that "scienter or willfulness" applied in this matter was an improper factual finding; and (c) whether the district court should have remanded this matter for the development of further evidence of willfulness or scienter.

### D. ASSESSMENT OF INVESTIGATORY COSTS AND FEES

■ The Commission's February 18th order revoked Russet Valley's license, but allowed it to be immediately reinstated under certain conditions, including payment of the $15,000 civil penalty, and reimbursement to the Commission of $13,156.68 for the Commission's administrative costs and attorney fees. The Commission claimed it was entitled to costs and fees pursuant to I.C. § 22–1201 et seq., I.C. § 12–120, the Commission's regulations, and the license agreement with Russet Valley. Russet Valley argues that the Commission had no basis to award itself attorney fees and costs.

We conclude that the Commission lacked authority to award itself costs and fees in the administrative proceeding. As the district court found, there was no separate provision for the award of attorney fees and costs within the chapters of the Idaho Code pertaining to the Potato Commission, I.C. § 22–1201 et seq.[4] The statute for considering attorney fees and costs in administrative proceedings generally is I.C. § 12–117, but it runs only one way. The individual can recover from the state, if the state has acted unreasonably, but the state is not entitled to recover from the individual. I.C. § 12–121 is inapplicable, because it pertains to civil actions not administrative proceedings. See Foster v. City of St. Anthony, 122 Idaho 883, 841 P.2d 413 (1992) (I.C. § 12–121 allows for award of attorney fees in civil actions, but not in administrative cases). Likewise, the license agreement language purporting to authorize attorney fees and costs pertains to court actions, and to relief "in addition to other relief awarded by the court." We are aware of no regulation of the Commission which permitted assessment of attorney fees or costs. Accordingly, we reverse the portion of the February 18th order concluding that Russet Valley is responsible for payment of the Commission's costs and fees in the administrative proceeding.

In its memorandum decision, the district court also held that various other aspects of the February 18th order were "overreaching" and clearly erroneous, and the Commission has not contested those rulings on appeal. In particular, the district court held that the February 18th order: (1) erroneously purported to bind not only Russet Valley, but also its agents, employees, contractors and shareholders who were not parties to this action; (2) erroneously stated that Russet Valley waived its right to a hearing on any alleged future violations; and (3) improperly revoked Russet Valley's license but allowed immediate reinstatement upon payment of the fine and costs assessed by the Commission. Because the Commission has not contested these rulings, we need not consider them. The district court's memorandum decision regarding these rulings is affirmed, and those portions of the February 18th order which the district court found erroneous are also vacated.

### E. DISTRICT COURT'S AWARD OF ATTORNEY FEES

■ When the district court found various aspects of the February 18th order to be

---

4. In the 1994 legislative session, I.C. § 22–1213(1) was amended to provide that violators, in addition to a $1,000/day penalty, "shall be liable for investigatory costs and attorney's fees reasonably incurred by the commission in connection with the violation." (1994 Idaho Sess. Laws 48.)

"overreaching," and without basis in fact or law, it awarded Russet Valley part of its costs and attorney fees under I.C. § 12–117. The Commission contends on appeal that this award was improper. On cross-appeal, Russet Valley contends the district court erred in awarding only part of its costs and fees at the district court level.

I.C. § 12–117 reads in pertinent part:

(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency ... and a person, the court shall award the person attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency ... acted without a reasonable basis in fact or law.

We disagree with the district court's conclusion that the Commission acted without a reasonable basis in fact or law. First, the Commission's license revocation action against Russet Valley was warranted, as the hearing officer found violations of both the license agreement and the Commission's regulations. The Commission's February 18th order, among other things, confirmed those violations. The district court also confirmed those violations when Russet Valley appealed the February 18th order. Moreover, the issue of whether Russet Valley's violations were "continuing violations" was not free from doubt. The Commission's interpretation regarding continuing violations was a "reasonable, but erroneous interpretation of an ambiguous statute." *See, e.g. Cox v. Department of Ins.,* 121 Idaho 143, 148, 823 P.2d 177, 182 (Ct.App.1991) (reversing district court's award of attorney fees against agency). Under the circumstances, we cannot say that the Commission has altogether acted without a reasonable basis in fact or law, and hence, no attorney fees should have been awarded under I.C. § 12–117. *Krueger v. Board of Pro. Discipline,* 122 Idaho 577, 583, 836 P.2d 523, 529 (1992) (where board did not act without a reasonable basis in fact or law, no attorney fees will be granted under I.C. § 12–117). Accordingly, the portion of the district court's memorandum decision awarding to Russet Valley its costs and attorney fees under I.C. § 12–117 is reversed, and the district court's September 10,

1993 ruling on costs and attorney fees, which awarded Russet Valley $4,943.80, is vacated.

For the same reasons, we reject Russet Valley's argument on cross-appeal that the district court erred in awarding only part of its attorney fees and costs. The hearing officer's findings of packing violations in November 1992 have been repeatedly affirmed in these proceedings. Russet Valley has no basis to claim the district court should have awarded it all its costs and fees in the appeal to the district court.

## VI.

## CONCLUSION

The Commission's February 18th order is affirmed in part, reversed in part, vacated and remanded in part to the Commission for reconsideration consistent with this opinion regarding the appropriate sanctions to be imposed, including reconsideration of whether revocation is warranted.

Specifically, the February 18th order is reversed wherein it (1) finds a packing violation on or about October 14 or 15, 1992; (2) concludes Russet Valley committed two "continuing violations" in November 1992; (3) awards to the Commission attorney fees and investigatory costs at the administrative level, payment of which is a condition of reinstatement; (4) purports to apply to employees, shareholders, or entities related to Russet Valley; and (5) provides that Russet Valley waived its right to notice and a hearing regarding any alleged future violations. The provisions of the February 18th order are vacated which revoke Russet Valley's license to use the Commission's trademarks, and which assess a $15,000 civil penalty against Russet Valley, and this case is remanded to the Commission for reconsideration consistent with this opinion regarding the appropriate sanctions to be imposed. The February 18th order is affirmed insofar as it adopts and incorporates the findings of fact entered by the hearing officer, and rejects Russet Valley's lack of notice/due process argument under I.C. § 67–5214(c). In all other respects not discussed, the February 18th order is affirmed.

The district court's memorandum decision entered July 15, 1993 is reversed in part where it awards Russet Valley attorney fees under I.C. § 12–117 for the appeal to the district court. Otherwise, the memorandum decision is affirmed. The district court's September 10, 1993 ruling on costs and attorney fees awarding Russet Valley $4,943.80 is vacated.

No attorney fees or costs are awarded in the appeal and cross-appeal to this Court.

McDEVITT, C.J., TROUT, J., and YOUNG, Pro Tem, concur.

. Justice JOHNSON, concurring and dissenting.

I concur in all of the Court's opinion except part V(B) (PACKING VIOLATION IN OCTOBER 1992) and the portion of part VI (CONCLUSION) that reverses the Commission's order finding a packing violation on or about October 14 or 15, 1992. In my view there is substantial and competent evidence to support the Commission's finding that Russet Valley committed a violation by packing Russet Frontiers in unlabeled containers on October 14 or 15, 1992.

A federal state inspector testified that she reinspected the potatoes packed on October 14 or 15, 1992 on November 4, 1992, and that none of the potatoes were labeled for variety and that some of them had a pinkish tint, which indicated they were not Russet Burbanks. The inspector also testified that some of these potatoes were subsequently shipped out of state. The federal state inspector's supervisor, who was present during the reinspection, verified the inspector's observation about these potatoes. In addition Russet Valley's foreman called the federal state inspection service and reported that Russet Valley had been packing potatoes and not marking them.