926 P.2d 626

**Wanda RINCOVER, Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF FINANCE, Respondent.**

No. 21060.

Supreme Court of Idaho.

Boise, October 1996 Term.

Nov. 6, 1996.

Bauer & French, Boise, for petitioner-appellant.

Hon. Alan G. Lance, Attorney General; Brett T. Delange, Deputy Attorney General, Boise, for respondent.

JOHNSON, Justice.

This is an attorney fee case concerning I.C. § 12–117. We conclude that in denying an award of attorney fees the district court appears not to have applied the standard contained in the statute. Therefore, we vacate the denial and remand the case for further proceedings.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Between 1984 and 1991, Larry Rincover (Larry) and Wanda Rincover (Wanda), husband and wife, were registered to sell securities in Idaho.

In February of 1990 the Idaho department of finance (the department) issued a letter to Larry insisting that a loan made to the Rincovers by clients be repaid within thirty days or that the clients be referred to another broker. The department also advised Larry not to borrow funds from clients in the future. Larry complied with the department's request by agreeing to terminate his business relationship with the clients from whom he and Wanda had borrowed money and not to borrow funds from clients in the future. In October of 1990, Larry and Wanda filed for personal bankruptcy, leaving the loans from the clients unpaid.

In March of 1991, Larry applied to the department for registration to sell securities. The director of the department (the director) denied the application. The denial was affirmed by the district court but reversed by this Court in *Rincover v. State, Dep't of Finance,* 124 Idaho 920, 866 P.2d 177 (1994).

On June 26, 1991, Wanda applied to the department for registration to sell securities. On June 17, 1991, just prior to the submission of her application, a notice of $4,838 federal tax lien against Larry and Wanda was recorded in Ada County. There is no indication in the record that this tax lien was mailed to or served on Larry and Wanda.

The department did not contact Wanda concerning the tax lien or request any additional information concerning her financial circumstances.

On August 8, 1991, the director denied Wanda's application, determining that Wanda:

1. was unable to meet her obligations as they came due, as evidenced by a $4,838 federal tax lien incurred in June, 1991;

2. willfully failed to include information regarding the tax lien on her U–4 application for registration, thereby omitting to report material information which constitutes a false, misleading, or incomplete filing;

3. failed to respond truthfully in her application by responding "No" to the question, "Do you have any unsatisfied judgments or liens against you?", which constituted a false filing; and

4. borrowed in excess of $30,000 from a securities client, thereby engaging in a dishonest and unethical practice.

On September 17, 1991, Wanda amended her original application, acknowledging the existence of the tax lien. She represented that she was unaware of the filing of the tax lien and that a payment agreement had been reached with the IRS. The department never responded to the amended application.

Wanda requested a hearing. After the hearing, the hearing officer concluded that Wanda's application should be denied and entered findings of fact and conclusions of law which found that Wanda:

1. was insolvent and denial of her application was in the public interest;

2. engaged in dishonest and unethical practices in the securities business by borrowing in excess of $30,000 from a securities client. Particularly, she exerted pressure and took unfair advantage of the Vincents in procuring the second loan in the amount of $20,000; and

3. lacked the requisite knowledge of the securities business as evidenced by her failure to comply with her broker-dealer's compliance manual.

On September 24, 1992, the director entered a final order adopting the findings of fact and conclusions of law entered by the hearing officer, and denied Wanda's application for registration. Wanda appealed the director's decision to the district court. The district court reversed the decision of the director and remanded the case, ruling that:

1. the existence of a single tax lien did not mean that Wanda was insolvent under I.C. § 30–1413(8). Wanda's over-all financial condition must be examined;

2. the personal loan from the clients was not unethical conduct pursuant to I.C. § 30–1413(7), absent any evidence of unfair pressure, overreaching, or misrepresentation; and

3. Wanda's infraction under the broker's policy manual is not sufficient to support a finding of lack of knowledge of the securities business under I.C. § 30–1413(9).

The department appealed the decision of the district court to this Court, but voluntarily dismissed that appeal. The district court awarded costs to Wanda but denied her request for attorney fees under I.C. § 12–117, stating as follows:

> Idaho Code § 12–117 requires a finding not only that the party prevailed, but that the State's action was without a reasonable basis in fact or law. I do not find that to be the case here. While I have reversed this matter and sent it back to the agency as a result of errors which were made, *I do not find that the circumstance which gave rise to this case to begin with was without a reasonable basis in fact or law. I find there were circumstances which justified the State's inquiry.* I therefore decline to award attorney fees. (Emphasis added.)

Wanda appealed.

## II.

## THE DISTRICT COURT APPEARS TO HAVE APPLIED A DIFFERENT STANDARD THAN THE ONE CONTAINED I.C. § 12–117.

The question we must first address is whether the district court applied the stan-

dard contained in I.C. § 12–117. We conclude that the district court appears to have applied a different standard than the statute contains.

 Under I.C. § 12–117, the court "shall" award attorney fees where the state agency "acted without a reasonable basis in fact or law." The prior decisions of this Court concerning the application of this statute make it clear that it is the overall action of the agency, not just preliminary matters, on which the statute focuses. *E.g., Bogner v. State Dep't of Revenue and Tax,* 107 Idaho 854, 693 P.2d 1056 (1984) (upholding award where agency had disallowed tax deduction based on an unreasonable misreading and misinterpretation of clear and unambiguous statute); *Moosman v. Idaho Horse Racing Comm'n,* 117 Idaho 949, 793 P.2d 181 (1990) (making an award where agency ordered redistribution of a racing purse without a reasonable basis in fact or law); and *Idaho Dep't of Law Enforcement v. Kluss,* 125 Idaho 682, 873 P.2d 1336 (1994) (upholding award where agency filed notice of seizure against property that was not authorized by statute).

In the present case, the agency action to be considered under I.C. § 12–117 is the department's denial of Wanda's license. Although in denying Wanda attorney fees, the district court first made a general statement that the department's action was not without a reasonable basis in fact or law, the court then stated: "I do not find that the circumstance which gave rise to this case **to begin with** was without a reasonable basis in fact or law." The district court then found that "there were circumstances which justified the State's **inquiry**." (Emphasis added). This finding by the court appears to have incorrectly focused on the initial stage of the action on Wanda's application, not on the eventual denial, as the standard in I.C. § 12–117 requires. This leaves us in doubt whether the district court applied the standard contained in I.C. § 12–117. Therefore, we vacate the denial of attorney fees and remand the case to the district court for further consideration by applying the correct standard.

## III.

## CONCLUSION

We vacate the district court's denial of attorney fees and remand the case to the district court for further proceedings consistent with this opinion.

We award Wanda costs on appeal. If the district court determines on remand to award Wanda attorney fees, we direct the district judge to consider in making the award the attorney fees incurred by Wanda in pursuing this appeal.

TROUT, J., and BURDICK, LEGGETT and MAY, J. Pro Tems., concur.