976 P.2d 473

**Wanda Jane RINCOVER,
Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT
OF FINANCE, SECURITIES
BUREAU, Respondent.**

No. 24195.

Supreme Court of Idaho,
Boise, November 1998 Term.

April 2, 1999.

Bauer & French, Boise, for appellant. Randal J. French argued.

Hon. Alan G. Lance, Attorney General; Brett T. DeLange, Deputy Attorney General, Boise, for respondent. Brett T. DeLange argued.

WALTERS, Justice.

This is an appeal from an order of the district court rejecting a claim for attorney

fees under Idaho Code (I.C.) § 12–117(1).[1] The order was entered following the remand in an earlier proceeding, *Rincover v. State, Dep't of Finance,* 129 Idaho 442, 926 P.2d 626 (1996), involving the review of an administrative action by the Idaho Department of Finance in denying an application for a license to sell securities. We uphold the district court's order on the ground that the record in the administrative proceeding shows the Department did not act without a reasonable basis in fact or law in denying the application for the license.

# I.

## BACKGROUND

After being registered to sell securities in Idaho for the seven previous years, Wanda Jane Rincover's application in 1991 for a securities sales license was denied by the Idaho Department of Finance. This denial shortly followed the denial of a securities sales license to Wanda's husband, Larry Rincover. The Department rejected Wanda's license application for several reasons, including her inability to meet obligations as they came due (as evidenced by the existence of a federal tax lien which had not been disclosed on her application) and because she had engaged in a dishonest and unethical practice by obtaining a loan in excess of $30,000 from a securities client. Wanda filed an amended application acknowledging the tax lien and representing that an agreement had been reached with the IRS for payment of the taxes, and she requested a hearing over the rejection of her application.

The hearing officer found that Wanda was insolvent, had engaged in dishonest and unethical conduct by borrowing the money from a securities client and lacked the requisite knowledge of the securities business, all in violation of I.C. § 30–1413. The Department adopted the hearing officer's findings and denied Wanda a license. Wanda requested review by the district court of the denial of

her application. The district court reversed the Department's decision, holding that the tax lien did not render Wanda insolvent, that the loan from her client did not constitute unethical and dishonest conduct, and that Wanda had not been shown to lack required knowledge of the securities business. The district court remanded the proceeding to the Department for further action and subsequently denied Wanda's request for an award of attorney fees under I.C. § 12–117(1).

When Wanda appealed from the order denying her request for attorney fees, this Court held that the district court appeared not to have used the correct standard for evaluating an award of attorney fees pursuant to I.C. § 12–117(1) and remanded the case so that the district court could properly focus on "the overall action of the agency, not just preliminary matters," and "on the eventual denial" of a license to Wanda. 129 Idaho at 444, 926 P.2d at 628. The district court again reviewed Wanda's request for the award under I.C. § 12–117(1). The district court ruled that the Department did not act "without a reasonable basis in fact or law" in the licensure proceeding and, therefore, Wanda was not entitled to an award of attorney fees under I.C. § 12–117(1). Wanda brings this appeal from that order, contending that the district court's ruling is incorrect.

# II.

## STANDARD OF REVIEW

This Court has issued several opinions on appellate review of decisions by the district courts applying I.C. § 12–117(1) since the statute was adopted in 1984. These opinions, unfortunately, have not consistently applied the same standard of review, but have diverged greatly and have caused concern in the present case as to the nature or extent of our review of the district court's decision to deny Wanda's request for an award of attor-

---

**1.** Section 12–117(1) reads:

(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the person reasonable attorney's fees, witness fees and

reasonable expenses, if the court finds in favor of the person and also finds that the state agency, the city, the county or the taxing district acted without a reasonable basis in fact or law.

ney fees. The divergent cases fall into three categories: (1) those that apply an abuse of discretion standard, *e.g., Roe v. Harris,* 128 Idaho 569, 917 P.2d 403 (1996); *Musser v. Higginson,* 125 Idaho 392, 871 P.2d 809 (1994); (2) those that apply a clearly erroneous or substantial, competent evidence standard, *e.g., Idaho Dep't of Law Enforcement v. Kluss,* 125 Idaho 682, 873 P.2d 1336 (1994); and (3) those that apply a *de novo* or free review standard, *e. g., In re SRBA Case Nos. 39576, 91–00002 (State v. Hagerman Water Right Owners),* 130 Idaho 718, 947 P.2d 391 (1997); *In re Russet Valley Produce, Inc.,* 127 Idaho 654, 904 P.2d 566 (1995); *Central Paving Co. v. Idaho Tax Comm'n,* 126 Idaho 174, 879 P.2d 1107 (1994); *In re Permit No. 36–7200 (Rim View Trout Co. v. Higginson),* 121 Idaho 819, 828 P.2d 848 (1992); *Moosman v. Idaho Horse Racing Comm'n,* 117 Idaho 949, 793 P.2d 181 (1990). See also, *Cox v. Dep't of Insurance,* 121 Idaho 143, 823 P.2d 177 (Ct.App.1991)

▮ We conclude that the standard of free review is the preferable rule and should be applied in this case. We reach this conclusion as follows.

The provisions of I.C. § 12–117 essential to this case are that "[i]n any administrative ... proceeding involving as adverse parties a state agency ... and a person, the court shall award the person reasonable attorney's fees ... if the court finds in favor of the person and also finds that the state agency ... acted without a reasonable basis in fact or law." In *Bogner v. State Dep't of Revenue and Taxation,* 107 Idaho 854, 693 P.2d 1056 (1984), the Court addressed I.C. § 12–117 while reviewing an award of attorney fees under I.C. § 12–121. Although the Court discussed I.C. § 12–117, the Court did not apply that statute to Bogner's case because the statute had been enacted subsequent to the judgment under review and had not been utilized by the district court below in making the award. Nonetheless, the Court observed that the purpose of I.C. § 12–117 was two-fold: "(1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges

or attempting to correct mistakes agencies never should ha[ve] made." 107 Idaho at 859, 693 P.2d at 1061, *citing in accord, Van Gordon v. Oregon State Board of Dental Examiners,* 63 Or.App. 561, 666 P.2d 276, 280 (1983). See also, *McCoy v. Dep't of Health and Welfare,* 127 Idaho 792, 797, 907 P.2d 110, 115 (1995).

When the Court applied I.C. § 12–121 to Bogner's case, the Court said:

While we find no evidence in the record that the Tax Commission was dilatory and unprepared, we do agree with the district court, however, that the Tax Commission has defended this case without foundation and unreasonably in misreading and misinterpreting I.C. §§ 63–3002 and 63–3022 to its advantage. These statutes are clear and unambiguous.

107 Idaho at 858, 693 P.2d at 1060. The Court noted that its interpretation of I.C. § 12–121 was supported by the recently enacted § 12–117, stating that the two-fold purpose exhibited by I.C. § 12–117 relating to deterrence of groundless and.arbitrary agency action and providing a remedy for persons who have suffered unfair or unjustified financial burdens in attempting to correct agency mistakes at the administrative stage were fulfilled by the Court's interpretation of I.C. § 12–121. 107 Idaho at 859, 693 P.2d at 1061.

This Court has further noted that I.C. § 12–117 is not a discretionary statute; but it provides that the court *shall* award attorney fees where the state agency did not act with a reasonable basis in fact or law in a proceeding involving a person who prevails in the action. *Idaho Dep't of Law Enforcement v. Kluss,* 125 Idaho at 685, 873 P.2d at 1338. Although the statute uses the word "finds" to describe the court's determinations of whether the person prevailed in the action *(viz.,* "if the court finds in favor of the person") and whether the activity of the other party fell within the conjunctive proscription *(viz.,* "and also finds that the state agency ... acted without a reasonable basis in fact or law"), these two predicate determinations for an award are not of the same nature as factual findings or declarations resolving disputed issues of fact in the traditional sense. They

are more in the nature of legal conclusions, since the first one depends upon successfully achieving some form of favorable relief that properly can be granted by the court to the "person," and the other depends upon the assessment of the conduct of the other party to decide if that party's activities can be characterized as having been unreasonably premised or undertaken upon either a set of facts or under relevant legal principles applicable to the situation in which the parties were engaged.

There is another, quite compelling justification for this Court's decision to conduct free review of the application of I.C. § 12–117. It is simply that this Court has the constitutional and statutory obligation ultimately to determine the law in any proceeding brought to the Court for review. The Court is not bound by the district court's decision as to whether, as a matter of law, the activities of an agency or other enumerated governmental entity had a "reasonable basis in ... [the] law" so as to satisfy the predicate for an award of attorney fees pursuant to the statute. Discharge of the Court's ultimate obligation requires that it be able to make the final decision on whether an award under I.C. § 12–117 would properly lie.

## III.

### DISCUSSION

There is no question in this case that the administrative review proceeding in the district court was concluded in favor of Wanda Rincover. The district court reversed the Department's denial of her application for a license, and remanded the case to the Department for further action. The district court's determination in that regard has not been challenged by either party, and the first predicate to I.C. § 12–117—that the person

obtain a favorable form of relief from the court—appears clear as a matter of law.

■ The remaining question is whether the Department acted with or without a reasonable basis in fact or law at the administrative remedy stage in its dealings with Wanda's application for a license. We conclude that the Department's activities were not without a reasonable basis in fact or under the law.

As noted previously, the Department denied Wanda's application upon three grounds: (1) that she was insolvent, as evidenced by a federal tax lien; (2) that she had engaged in unethical and dishonest conduct by borrowing money from a client; and (3) that she lacked requisite knowledge of the securities business. The Department relied on particular provisions of I.C. § 30–1413 [2] to justify these reasons. At the time, the specific provisions in I.C. § 30–1413 which were relied upon by the Department had not been construed by the courts. While the district court below disagreed with the Department's interpretation and application of those provisions to the facts presented by Wanda's case, *see Rincover v. State, Dep't of Finance,* 129 Idaho at 443, 926 P.2d at 627, it does not appear that the Department's action was unreasonable under the circumstances. *In Re Russet Valley Produce, Inc.,* 127 Idaho 654, 904 P.2d 566 (1995); *Central Paving Co. v. Idaho Tax Comm'n,* 126 Idaho 174, 879 P.2d 1107 (1994). The Department did not act without or contrary to statutory authority, or ignore or refuse to comply with duties imposed by statute. We cannot say that the action by the Department was groundless or arbitrary or required Wanda to bear an unfair or unjustified expense in an attempt through judicial review to correct an agency mistake that should never have been made. Accordingly, we hold that the district court

---

**2.** The provisions found by the Department to support its denial of Wanda's application for a license are stated within I.C. § 30–1413 as:

The director [of the Department of Finance] may by order deny ... registration of any ... salesman ... if he finds that the order is in the public interest and that the applicant ...:
...
(7) has engaged in dishonest or unethical practices in the securities business,

(8) is insolvent, either in the sense that his liabilities exceed his assets or in the sense that he cannot meet his obligations as they mature ...
(9) ... is not qualified on the basis of such factors as training, experience or knowledge of the securities business....

did not err by denying the request for an award of attorney fees under I.C. § 12–117 to Wanda Rincover.

## IV.

## CONCLUSION

The order denying the request for an award of attorney fees pursuant to I.C. § 12–117 is affirmed. Cost on appeal are awarded to the respondent, Department of Finance.

Justice SILAK and Justice SWANSTROM, PRO TEM, CONCUR.

Chief Justice TROUT and Justice JOHNSON, Pro Tem, CONCUR IN THE RESULT.