1 P.3d 783

STATE of Idaho, DEPARTMENT OF FINANCE, Plaintiff–Respondent,

v.

RESOURCE SERVICE CO., INC., a Wisconsin corporation, Fred L. Engle, and their agents and representatives, Defendants–Appellants.

No. 24908.

Supreme Court of Idaho, Boise, December 1999 Term.

April 14, 2000.

Ormiston, Korfanta, Dunbar, Boise, for appellants. Steven R. Ormiston argued.

Hon. Alan G. Lance, Attorney General; Brett T. DeLange, Deputy Attorney General, Boise, for respondent. Brett t. DeLange argued.

SILAK, Justice.

Resource Service Company appeals an order of the district court denying a motion for attorney fees under Section 12–117 of the Idaho Code. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Factual Background

Resource Service Company, Inc. (RSC) is a Wisconsin-based business that provides services related to applications for non-competitive oil and gas lease drawings. The U.S. Department of the Interior, through the Bureau of Land Management (BLM), is responsible for leasing oil and gas exploration and development rights. Parcels of land are offered for lease at auction for competitive bids. If a parcel of land fails to receive an adequate competitive bid, a non-competitive lease may be issued on the parcel. Priorities among non-competitive offers received on the same day are determined by a random draw-

ing. A successful applicant acquires the right to explore, drill, extract, and dispose of oil and gas deposits found on that parcel.

RSC groups customers together, files an application on their behalf, and provides customers with information regarding the filings made. To promote its services, RSC mailed Idaho residents unsolicited correspondence. Recipients of RSC's initial promotional material were informed that they could receive RSC's services by paying a $40.00 fee and signing a Service Agreement. After sending in $40.00 and signing the Service Agreement, RSC customers received three chances to acquire a $\frac{1}{20}$th interest in an eighty-acre noncompetitive lease. If a customer successfully acquired an interest in a lease, he or she was free to dispose of or develop the interest in any manner he or she deemed appropriate.

### B. Procedural Background

On April 30, 1991, the Department of Finance (the Department) brought suit against RSC and its principal, Fred L. Engle, alleging that RSC marketed unregistered securities by soliciting a $40.00 fee from customers to enter their names in a BLM lottery for gas and oil leases.

The district court granted summary judgment for the Department and RSC appealed. In *Dept. of Finance v. Resource Service Co.*, 130 Idaho 877, 950 P.2d 249 (1997) (*RSC I*), the Idaho Supreme Court reversed, holding that RSC's program did not constitute an "investment contract" and was therefore not a security governed by the Idaho Securities Act.

Pursuant to the Supreme Court's decision, the district court dismissed the Department's complaint. RSC subsequently requested attorney fees pursuant to Idaho Code § 12–117. The district court denied the request stating that it could not conclude from the Supreme Court's decision that the Department acted without a reasonable basis in fact or law as required for an award of attorney fees under I.C. § 12–117.

## II.

### ISSUES ON APPEAL

The issues presented on appeal are:

A. Whether the Department acted without a reasonable basis in fact or law in bringing and maintaining its action against RSC.

B. Whether RSC is entitled to attorney fees on appeal pursuant to I.C. § 12–117.

## III.

### STANDARD OF REVIEW

■ The Court exercises free review over the decision of a district court applying I.C. § 12–117. *See Rincover v. State, Dept. of Finance*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999).

## IV.

### ANALYSIS

**RSC Is Not Entitled To Attorney Fees Under I.C. § 12–117 Because The Department Did Not Act Without A Reasonable Basis In Fact Or Law.**

In order to be entitled to an award of attorney fees under I.C. § 12–117, the prevailing party must show that the state agency "acted without a reasonable basis in fact or law." I.C. § 12–117. Idaho Code section 12–117(1) states:

In any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency, the city, the county or the taxing district acted without a reasonable basis in fact or law.

I.C. § 12–117.

■ The purpose of I.C. § 12–117 is: 1) to serve as a deterrent to groundless or arbitrary action; and 2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never have made. *See Rincover*, 132 Idaho at 549, 976 P.2d at 475. This Court has noted that I.C. § 12–

117 is not a discretionary statute, but it provides that the court shall award attorney fees where the state agency did not act with a reasonable basis in fact or law in a proceeding involving a person who prevails in the action. *See Idaho Dept. of Law Enforcement v. Kluss,* 125 Idaho 682, 685, 873 P.2d 1336, 1339 (1994).

In *RSC I,* this Court found that the services provided by RSC did not fit within the definition of an "investment contract" and therefore, did not constitute a security. Thus, as the prevailing party, RSC has satisfied the first element required by I.C. § 12–117 for an award of attorney fees.

RSC argues that because the Supreme Court ultimately found the services provided by RSC did not involve the sale of securities in violation of the Idaho Securities Act, the Department was without a reasonable basis in fact or law and therefore, attorney fees are mandated pursuant to I.C. § 12–117. The fact that this Court subsequently determined that RSC's program did not constitute a security does not, in and of itself, establish that the Department acted unreasonably or without legal or factual basis in maintaining suit against RSC. The issue presented here is whether, throughout the entirety of the proceedings, the Department had a reasonable basis in fact or law to charge RSC with a violation of the Idaho Securities Act, Title 30 Chapter 14 of the Idaho Code.

As the district court noted below, this was a question of first impression in Idaho as to whether a lottery participation program constituted a "security" within the purview of the Idaho Securities Act. In *Rincover,* this Court recently discussed I.C. § 12–117 as applied to a situation involving a question of first impression. In that case, the Department of Finance denied an application for registration to sell securities based upon its interpretation of I.C. § 30–1413. At the time, the specific provisions relied upon had not been construed by the courts of this state. Though the district court ultimately disagreed with the Department's interpretation of the statute, on appeal for attorney fees under I.C. § 12–117, the Supreme Court stated that "it [did] not appear that the Department's action was unreasonable under the circumstances" or that "the Department was groundless or arbitrary or required the appellant to bear an unfair or unjustified expense in an attempt through judicial review to correct an agency mistake that should have never been made." *Rincover,* 132 Idaho at 550, 976 P.2d at 476.

Similarly, in *Treasure Valley Concrete, Inc. v. State,* 132 Idaho 673, 978 P.2d 233 (1999), this Court faced interpreting I.C. § 47–701 to determine whether sand, gravel and pumice constitute "minerals" reserved by the state within the meaning of that section. *Treasure Valley* also presented a question of first impression before this Court and though it was ultimately held that these substances did not constitute "minerals" and were not reserved by the state until after the 1986 amendment to I.C. § 47–701, other states had interpreted "minerals" in similar statutes to include sand, gravel and pumice. Therefore, on appeal this Court could not conclude that the State acted without a reasonable basis in fact or law in defending its action. *See Treasure Valley,* 132 Idaho at 678, 978 P.2d at 238.

Prior to this Court's decision in *RSC I,* no appellate court of this state had addressed the issue of whether a lottery lease filing service, such as that operated by RSC, constitutes a "security" within the purview of the Idaho Securities Act. Indeed, only two district courts of this state had addressed the issue with varying results. *See State of Idaho v. Alaska Capital Corp.,* Case No. 84710 (Idaho Dist.Ct., Sept. 22, 1986), *State of Idaho v. Southeast Energy Exchange, Inc.,* Case No. 89795 (Idaho Dist.Ct., May 23, 1988). For this reason, the Department initially had only the statute and decisions of other jurisdictions to guide it. *See Cox v. Department of Ins., State of Idaho,* 121 Idaho 143, 148, 823 P.2d 177, 183 (Ct.App.1991). As noted by the district court prior to this Court's determination on the issue:

The parties present their motions as if RSC's service *clearly* is or is not an investment contract, referencing numerous administrative and judicial decisions in support of their respective propositions. However, the weight of authority does not appear to unequivocally favor either par-

ty's position. The numerous decisions examined ... truly seem to turn on the very specific facts of each case.

■ The crux of RSC's argument here is that the Department failed to consider case law standing for the proposition that lease lotteries, such as those involved in this case, are not considered securities and therefore, the Department acted without a reasonable basis in fact or law in filing and maintaining suit against RSC for violation of the Idaho Securities Act. In particular, RSC argues that the Department "steadfastly refused to find merit in the [*SEC v. Energy Group of America,* 459 F.Supp. 1234 (S.D.N.Y.1978)] decision" which it asserts was relied upon by this Court in *RSC I.* It should be noted that while this Court cited favorably to the *Energy Group* decision in its ultimate determination on the issue, other courts and securities administrators addressing the issue have found, contrary to *Energy Group,* that application filing services such as the one operated by RSC may qualify as investment contracts and may therefore be securities. *See, e.g., Cellular Engineering, Ltd. v. O'Neill,* 118 Wash.2d 16, 820 P.2d 941, 947 (1991) (citing: *In re Federal Resources Corp.,* [1978–81 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,476 (Nov. 8, 1978) (Alaska Dept. of Commerce & Econ. Dev., Div. of Banking & Secs.); *In re Amerifirst Petroleum, Inc.,* [1982–84 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,867 (Oct. 25, 1983) (Fla. Dept. of Banking & Fin.); *In re Federal Exploration, Inc.,* [1982–84 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,906 (Dec. 28, 1983) (Mass. Secretary of State, Secs. Div.); *In re Overthrust Mineral Corp.,* [1982–84 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,898 (Dec. 8, 1983) (Mich. Dept. of Commerce, Corp. & Secs. Bureau); *In re Federal Oil & Gas Corp.,* [1982–84 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,953 (Mar. 23, 1984) (Mo. Secretary of State.); *In re Resource Serv. Co. & Fred Engle,* [1978–81 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,570 (Aug. 29, 1980) (Minn. Comm'r of Secs.); *In re Energy Group of Am., Inc.,* [1982–84 Transfer Binder] Blue Sky L.Rep. (CCH) ¶ 71,821 (Mar. 31, 1983) (Mont.Secs. Comm'r.); *In re Overthrust Mineral Corp.,* [1982–84 Transfer Binder] Blue Sky L.Rep.

(CCH) ¶ 71,849 (July 25, 1983) (Wyoming Secretary of State)).

Therefore, although this Court ultimately determined that the particular lottery lease filing service operated by RSC did not constitute an "investment contract" in violation of the Idaho Securities Act, we hold, based upon the lack of case law of this state in addition to supporting decisions from other jurisdictions, that the Department was not without a reasonable basis in fact or law in bringing and maintaining suit against RSC for violation of the Idaho Securities Act.

## V.

## CONCLUSION

Accordingly, we affirm the district court's denial of attorney fees under I.C. § 12–117. No attorney fees awarded on appeal. Costs on appeal to respondent.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL concur.